1

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9   Jashanbreet Singh,                              No.  CV-19-05641-PHX-MTL (JZB)

10                     Petitioner,                  **ORDER**

11  v.

12  William Barr, et al.,

13                     Respondents.

14

15         Petitioner Jashanbreet Singh, who is detained in the CoreCivic La Palma

16  Correctional Center in Eloy, Arizona, has filed, through counsel, a Petition for Writ of

17  Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Preliminary Injunction

18  and/or Temporary Restraining Order (Doc. 2).  The Court will issue a temporary stay of

19  removal, call Respondents to answer the Petition and respond to the Motion for Preliminary

20  Injunction, and deny the Motion for Temporary Restraining Order.

21  **I.     Background**

22         Petitioner is a native and citizen of India.  On July 25, 2019, he entered the United

23  States without inspection near Calexico, California, and was encountered and taken into

24  custody by the United States Department of Homeland Security (DHS) the same day.

25  (Docs. 1-3, 1-4.)  Petitioner was determined to be inadmissible to the United States and

26  placed in expedited removal proceedings pursuant to Immigration and Naturalization Act

27  (INA) § 235(b)(1), 8 U.S.C. § 1225(b)(1).  (Doc. 1-3.)  Petitioner expressed a fear of

28  persecution or torture if returned to India and was referred for a credible fear determination.

On September 11, 2019, and September 18, 2019, Petitioner received telephonic credible fear interviews. (Docs. 1-5, 1-6.) An asylum officer found Petitioner was credible but that he had not established that he had a reasonable fear of persecution or torture if removed to India.[1] (Docs. 1-5, 1-7.) The asylum officer reasoned that Petitioner "could reasonably avoid persecution by relocating within [his] country," and Petitioner had "not established that there is a reasonable possibility that . . . [he] would suffer severe physical or mental pain or suffering." (Doc. 1-7.) The determination was approved by a supervisory asylum officer, and on October 7, 2019, Petitioner was ordered removed from the United States. (Docs. 1-5, 1-7.) Petitioner requested review of the credible fear determination by an Immigration Judge (IJ), and a hearing was held on October 25, 2019. (Docs. 1 ¶ 21, 1-7, 1-8.) During the hearing, the IJ received "documents that were not given to Petitioner," including "Officer's Notes." At the conclusion of the hearing, the IJ affirmed the asylum officer's credible fear determination. (Doc. 1 ¶ 21.)

**II.     Petition**

In his Petition, Petitioner names United States Attorney General William Barr, former Acting DHS Secretary Kevin McAleenan,[2] Executive Office for Immigration Review (EOIR) Director James McHenry, United States Immigration and Customs Enforcement (ICE) Phoenix Field Office Director Enrique Lucero, and United States Immigration Judge Marni Guerrero as Respondents.[3] Petitioner asserts that the Court has

---

[1] Petitioner was deemed ineligible for asylum pursuant 8 C.F.R. § 208.13(c)(4) on the basis that he did not apply for protection from persecution or torture in at least one country through which he transited en route to the United States, and therefore found to have "not established a significant possibility of establishing eligibility for asylum and [] received a negative credible fear of persecution determination." (Doc. 1-5 at 5.) Consequently, Petitioner was screened only "for potential entitlement to withholding under INA [§] 241 or CAT protection under a 'reasonable possibility of persecution' and 'reasonable possibility of torture' standard." (*Id.* at 6.)

[2] Acting DHS Secretary Chad Wolf will be substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[3] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing whether the proper respondent in immigration habeas corpus proceedings under § 2241 is the Attorney General, the Acting DHS Secretary, or the ICE Field Office Director, the Court will not dismiss these Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper

habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).

Petitioner brings two grounds for relief. In Grounds One and Two, Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the governing statute and implementing regulation, 8 U.S.C. § 1225(b)(1) and 8 C.F.R. § 208.30(d), and the Due Process Clause of the Fifth Amendment. Petitioner alleges DHS failed to employ the required non-adversarial procedures when conducting his credible fear interview, referred to reports that were not given to Petitioner to review, failed to consider binding case law, and failed to apply the correct legal standard when evaluating his credible fear claim. Petitioner further alleges that the IJ applied the wrong legal standard, denied him a reasonable opportunity to present his case, and took outside research into consideration that had not been provided to Petitioner.

In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; and (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other relief from removal." (Doc. 1 at 18.)

The Court asks that Respondents Barr, Wolf, and Lucero answer the Petition.

**III.    Motion for Preliminary Injunction and/or Temporary Restraining Order**

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his

---

respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition). However, the Court will dismiss Respondents McHenry and Guerrero because the rationale articulated in *Armentero* would not extend to these Respondents.

favor; and (4) an injunction is in the public interest.[4] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where the movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order ("TRO") may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue, ex parte, if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

Petitioner moves the Court to enjoin his continued detention or transfer, to order Respondents to provide him with an individualized asylum hearing, and to stay his removal from the United States while this action is pending. To the extent Petitioner seeks a new hearing on his asylum claims, release from custody, or to remain detained in Arizona, he has **not** demonstrated that he will suffer irreparable injury before Respondents can be heard in opposition. He therefore fails to meet his burden to demonstrate that he is entitled to immediate injunctive relief, and his Motion for Temporary Restraining Order will be denied. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974) (consistent with the "stringent" restrictions of Fed.

---

[4] Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

1    R. Civ. P. 65(b), a temporary restraining order may be entered only to execute the

2    "underlying purpose of preserving the status quo and preventing irreparable harm just so

3    long as is necessary to hold a hearing, and no longer").

4          The potential interests of justice associated with the irrevocable nature of removal,

5    however, suggest the necessity of issuing a temporary stay of removal.  The Ninth Circuit

6    Court of Appeals has mandated that "a petitioner seeking a stay of removal must show that

7    irreparable harm is probable and either: (a) a strong likelihood of success on the merits and

8    that the public interest does not weigh heavily against a stay; or (b) a substantial case on

9    the merits and that the balance of hardships tips sharply in the petitioner's favor."  *Leiva-*

10   *Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v.*

11   *Holder*, 556 U.S. 418, 444 (2009)).

12         In *Thuraissigiam*, the Ninth Circuit Court of Appeals held 8 U.S.C. § 1252(e)(2)'s

13   statutory restriction on habeas corpus review violated the Suspension Clause as applied to

14   Thuraissigiam.  On that basis, the district court's initial decision was reversed, and the

15   Ninth Circuit remanded the matter with instructions to exercise jurisdiction and "consider

16   Thuraissigiam's legal challenges to the procedures leading to his expedited removal order."

17   917 F.3d at 1119.

18         Similarly, here, Petitioner has raised legal challenges to the process leading to his

19   expedited removal order and alleged circumstances which, if true, would present a

20   substantial case on the merits.  This is, of course, without prejudice to Respondents

21   demonstrating the contrary.  Because removal would deprive him of the relief he seeks –

22   asylum in the United States – he has also shown that it is probable that he would suffer

23   irreparable harm absent a stay.

24         Lastly, the balance of hardships tips in Petitioner's favor.  A stay will maintain the

25   status quo until Respondents have had an opportunity to brief the Petition and Motion for

26   Preliminary Injunction and will facilitate a considered review of the parties' arguments by

27   the Court and a reasoned decision on the issues presented.

28         Accordingly, **IT IS ORDERED:**

1    (1)    A temporary stay of removal is **entered.**  Respondents are enjoined from

2    removing Petitioner Jashanbreet Singh (A# 203-674-895) from the United States pending

3    further order of this Court.

4    (2)    Petitioner's Motion for Preliminary Injunction and/or Temporary

5    Restraining Order (Doc. 2) is **denied in part** as to Petitioner's Motion for Temporary

6    Restraining Order.

7    (3)    Respondents McHenry and Guerrero are **dismissed without prejudice**.

8    (4)    Acting DHS Secretary Chad Wolf is **substituted** for Kevin McAleenan as a

9    Respondent in this action.

10    (5)    The Clerk of Court shall **email** a copy of this Order to the United States

11    Attorney for the District of Arizona, to the attention of Peter Lantka at

12    peter.lantka@usdoj.gov and Mary Finlon at mary.finlon@usdoj.gov.

13    (6)    The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the

14    Petition (Doc. 1), (3) the Motion for Preliminary Injunction and/or Temporary Restraining

15    Order (Doc. 2), and (4) this Order upon the United States Attorney for the District of

16    Arizona by certified mail addressed to the civil process clerk at the office of the United

17    States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The

18    Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the

19    Motion for Preliminary Injunction and/or Temporary Restraining Order, and this Order to

20    the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr,

21    Wolf, and Lucero pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

22    (7)    Respondents Barr, Wolf, and Lucero shall have **30 days** from the date of

23    service to file a Response to Petitioner's Motion for Preliminary Injunction (Doc. 2).

24    (8)    Petitioner shall have **15 days** from the filing of Respondents' Response to

25    the Motion for Preliminary Injunction to file a Reply.

26    (9)    Respondents shall have **30 days** from the date of service to answer the

27    Petition (Doc. 1).  Respondents shall not file a dispositive motion in place of an answer

28

1     absent leave of Court.[5]

2          (10)    Petitioner shall have **15 days** from the filing of Respondents' Answer to the

3     Petition to file a Reply.

4          (11)    Petitioner must file a "Notice of Change in Status" with the Clerk of Court

5     within **5 days** of any material change in Petitioner's immigration or custody status.

6     Petitioner may not include a motion for other relief with the Notice.

7          Dated this 21st day of November, 2019.

8

9                                   *Michael T. Liburdi*

10                                   Michael T. Liburdi
                                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27         [5] Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and

28     Procedures Manual which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3).